STATE OF HAWAII, Plaintiff-Appellee, *v.* ROBERT W. HALL, Defendant-Appellant

NO. 8578

(CRIMINAL NO. 54332)

MARCH 14, 1983

NAKAMURA, ACTING C.J., PADGETT AND HAYASHI, JJ., CIRCUIT JUDGE GREIG, IN PLACE OF LUM, J., RECUSED, AND CIRCUIT JUDGE TSUKIYAMA, ASSIGNED BY REASON OF VACANCY

*Per Curiam.* This is an interlocutory appeal granted by two orders entered below in a case in which the appellant was indicted on four counts of attempted murder and for carrying a firearm on his person without a permit. The issues raised on the interlocutory appeal are:

(1) Did the lower court err in denying the motion to dismiss the indictment and in denying the motion to reconsider its denial of the motion to dismiss the indictment. We answer no.

(2) Did the court below err in denying appellant's motion for acquittal pursuant to § 704-408, HRS. We answer no.

(3) Did the court below err in ruling that appellant would be barred from presenting at trial the issue of non-responsibility based upon Chapter 704, HRS. We answer yes.

On May 16, 1980 at the Waikiki Yacht Club, appellant fired a gun wildly into a crowd of people, hitting three people below the waist and narrowly missing a fourth. Earlier that evening he had of his own volition consumed wine. There was evidence that he was not intoxicated within the normally understood definition of that term. Appellant was subsequently indicted for attempted murder. The grand jury was not informed of the fact that the gunshot wounds were all below the waist.

Appellant moved to dismiss the indictment claiming that the prosecution, in not informing the grand jury that all the wounds were below the waist level, had violated a duty to present exculpatory evidence to the grand jury. The motion was denied.

Subsequently, the court entered an order for examination of the appellant with respect to the matter of physical or mental disease, disorder, or defect pursuant to § 704-404, HRS. After the court-appointed panel had reported, appellant moved, pursuant to § 704-408, HRS, for a judgment of acquittal. The motion came on for hearing and after evidence had been taken for four days, the court below, pursuant to its earlier announced intention, terminated the hearing. It thereafter denied the motion and in so doing, ruled that appellant would be barred at trial from raising the issue of non-responsibility under Chapter 704, HRS.

Appellant then moved for the allowance of an interlocutory appeal. The court granted the same and, in the order granting the motion for an interlocutory appeal, entered further findings of fact and conclusions of law. Appellant noted an appeal but subsequently, by motion, requested an expansion of the issues to be presented on the interlocutory appeal. The court below granted the expansion in an order making further findings of fact and conclusions of law. An amended notice of appeal was then filed.

Appellant's first contention is that because the prosecution did not present to the grand jury evidence of the fact that the three persons wounded were hit below the waist, there was a failure to present exculpatory evidence on the issue of intent with respect to the charge of attempted murder and that, therefore, the indictment should be dismissed.

We find this point to be utterly without merit. Common

sense tells us that gunshot wounds below the waist can be and sometimes are fatal. Thus, the evidence of where the bullets struck the victims is not "clearly exculpatory" on the issue of intent to commit murder and the prosecution was not obliged to present the same to the grand jury. *State* v. *Bell,* 60 Haw. 241, 589 P.2d 517 (1978).

The second claim of error is that the court erred in denying appellant's motion for acquittal filed pursuant to the then § 704-408, HRS. That section read as follows:

*Determination of irresponsibility.* If the report of the examiners filed pursuant to section 704-404 states that the defendant at the time of the conduct alleged suffered from a physical or mental disease, disorder, or defect which substantially impaired his capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law, and the court, after a hearing if a hearing is requested, is satisfied that such impairment was sufficient to exclude responsibility, the court, on motion of the defendant, shall enter judgment of acquittal on the ground of physical or mental disease, disorder, or defect excluding responsibility.[1]

It is clear to us, examining the order denying the motion for acquittal and the findings of fact and conclusions of law contained in the orders granting the interlocutory appeal, that the trial court was not satisfied that appellant's showing on the issue of non-responsibility was sufficient.

Upon a review of the record, we do not find that there is an absence of evidence upon which the jury might fairly find appellant sane beyond a reasonable doubt. *State* v. *Freitas,* 62 Haw. 17, 608 P.2d 408 (1980). Accordingly, there was no error in the denial of the motion for acquittal.

---

[1] Interestingly enough, three weeks and one day after the shooting incident in question, Act 222 of the Session Laws of Hawaii 1980 became effective, eliminating the pretrial hearing on the issue of non-responsibility under Chapter 704, HRS, and submitting the same to the jury or the trier of fact at the trial. Thus, the procedural problems involved in this case will not reoccur in future cases.

However, the court below went beyond the denial of the motion and entered conclusion of law no. 3 which read:

That a defense under the aforementioned HRS Section 704-400 of a lack of penal responsibility so far as it rests upon evidence of a voluntary ingestion of wine together with its inseparable concomitant ingredients and alcohol by the defendant is inappropriate as a matter of law under the circumstances of this case and shall, therefore, be excluded from consideration by the jury.

We see no authority in § 704-408 for the entry of an order preventing the appellant from presenting the issue at trial.

The State argues that appellant's evidence presented at the hearing on the motion for acquittal went only to the issue of his state of mind based upon pathological intoxication under § 702-230, HRS, and that, as a matter of law, penal non-responsibility under Chapter 704, HRS, can never result from the voluntary ingestion of intoxicants.

Appellant argues, on the contrary, that his alleged extreme physical susceptibility to the alcohol or other components in the wine which he had voluntarily ingested prior to the incident in question, could be the basis of a physical or mental disease, disorder, or defect, excluding penal responsibility under § 704-400, HRS, as well as the basis for a contention that there was a lack of intent to commit the crime in question pursuant to § 702-230, HRS.

In reversing the order below insofar as it bars the presentation of the responsibility issue by appellant under § 704-400, HRS, we expressly do not adopt either the position of the State or of appellant. If and when we are called upon to decide between those two contentions, we prefer to do so after a trial when all of the evidence on each side has been presented so that we have a full record before us.[2] Our ruling today is not to be understood as diminishing in any way the authority of *State* v. *Freitas, supra.* It is simply that there may be, when all the

---

[2] In view of the amendment to § 704-408 alluded to in footnote 1, it is extremely unlikely that we would be presented with the issue just discussed above in any other case in the absence of a full trial record.

evidence is presented, a different factual situation in this case.

Accordingly, the orders denying the motions to dismiss and for acquittal are affirmed but the conclusion of law barring presentation of the responsibility issue is reversed.

Affirmed in part and reversed in part and remanded for further proceedings.

*David C. Schutter* (*Judith Ann Pavey* with him on the briefs, *Schutter & Pavey* of counsel), for appellant.

*Arthur E. Ross* (*Peter C. Hsieh* on the brief), Deputy Prosecuting Attorneys, for appellee.